**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Smarter Agent, LLC<br><br>                              Plaintiff<br><br>          vs.<br><br>Real Estate Webmasters, Inc.<br>                    Defendant | Civil Action No.: 6:19-cv-00182<br><br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Smarter Agent, LLC ("Smarter Agent"), by its undersigned attorneys, alleges, with knowledge with respect to its own acts and on information and belief as to other matters, as follows:

**NATURE OF THIS ACTION**

1.      Smarter Agent brings this action to compel defendant Real Estate Webmasters, Inc. ("Real Estate Webmasters," "REW," or "Defendant") to cease infringing Smarter Agent's patents and to compensate Smarter Agent for patent infringement.

2.      Smarter Agent invented systems and methods generally related to location-aware search engines and related storage technology. Smarter Agent has offered for sale software applications embodying or related to those inventions.

3.      Smarter Agent's systems and methods make location-based search queries more efficient by allowing, for a location-based search focused in time and occurring at a specific location, a user to focus a location-based search query without leaving the context of the location-based search.

4.      Smarter Agent provides products and services to real estate brokers and brokerages, including mobile apps and Smarter Agent's "Tech Connect" program. Smarter Agent's products and services have won multiple industry awards. These software products are compatible with both the iOS and Android mobile platforms for wireless devices, such as smartphones and tablets. *See* Smarter Agent, *About Us* at https://www.smarteragent.com/about-us/ (last accessed Feb. 25, 2019), attached hereto as Exhibit PP.

5.      In 2018, the Keller Williams brokerage firm purchased Smarter Agent Mobile, LLC, a spin-off of Smarter Agent, which now operates as a turnkey software-as-a-service provider.

6.      Smarter Agent created through its own extensive expenditure of time, labor, effort, skill, and money various products and services built on the technology described in the Patents-in-Suit.

## PARTIES

7.      Smarter Agent is a private company that has its principal place of business at 756 Haddon Avenue, Suite 300, Collingswood, NJ 08108.

8.      Real Estate Webmasters Inc. is a Canadian corporation with its principal place of business at 223 Commercial Street, Nanaimo, British Columbia, Canada, V9R5G8.

9.      Real Estate Webmasters Inc. is registered for the right to transact business in Texas and has a Texas taxpayer number 32063773272. *See* Exhibit R.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 et seq.

11.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over REW at least because REW conducts business, including infringing acts described herein, in this District. For example, REW provides app development services to, among others, SWPRE, a Texas real estate firm located in Brenham, Texas. The SWPRE app, developed by REW, allows a user to "search all homes, condos and lots for sale in the Texas area." Apple, *SWPRE on the App Store*, at https://itunes.apple.com/us/app/swpre/id1438114345?mt=8 (last accessed Feb. 14, 2018), Ex. Q.

13. This Court has personal jurisdiction over REW at least because REW conducts business in this District. As noted above, REW has Texas Taxpayer Number 32063773272. *See* Ex. R.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3), as venue is proper over a foreign corporation in "any judicial district."

## THE PATENTS-IN-SUIT

15. On August 20, 2003, Brad and Eric Blumberg filed United States Patent Application No. 10/644,060 ("the '060 Application"). The '060 Application was duly examined and issued as United States Patent No. 7,457,628 ("the 628 Patent") (entitled "System and Method for Providing Information Based on Geographic Position"), on November 25, 2008.

16. Messrs. Blumberg assigned the '628 Patent to Smarter Agent, Inc. *See* USPTO Reel/Frame No. 020018/0796. Smarter Agent, Inc. assigned the '628 Patent to Smarter Agent, LLC. *See* USPTO Reel/Frame No. 020024/0532.

17. Smarter Agent is the owner of the '628 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '628 Patent.

18. The '628 Patent is valid and enforceable. A copy of the '628 Patent is attached hereto as Exhibit A.

19.     On November 21, 2008, Brad and Eric Blumberg filed United States Patent Application No. 12/275,683 ("the '683 Application"). The '683 Application was duly examined and issued as United States Patent No. 8,442,550 ("the '550 Patent") (entitled "System and Method for Providing Information Based on Geographic Position"), on May 14, 2013.

20.     Messrs. Blumberg assigned the '550 Patent to Smarter Agent, Inc. *See* USPTO Reel/Frame No. 030214/0067. Smarter Agent, Inc. assigned the '550 Patent to Smarter Agent, LLC. *See* USPTO Reel/Frame No. 030214/0062.

21.     Smarter Agent is the owner of the '550 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '550 Patent.

22.     The '550 Patent is valid and enforceable. A copy of the '550 Patent is attached hereto as Exhibit B.

23.     On April 30, 2014, Brad and Eric Blumberg filed United States Patent Application No. 14/266,144 ("the '144 Application). The '144 Application was duly examined and issued as United States Patent No. 9,183,584 ("the '584 Patent") (entitled "System and Method for Providing Information Based on Geographic Position"), on November 10, 2015.

24.     Messrs. Blumberg assigned the '584 Patent to Smarter Agent, Inc. *See* USPTO Reel/Frame No. 033524/0135. Smarter Agent, Inc. assigned the '584 Patent to Smarter Agent, LLC. *See* USPTO Reel/Frame No. 033524/0143.

25.     Smarter Agent is the owner of the '584 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '584 Patent.

26.     The '584 Patent is valid and enforceable. A copy of the '584 Patent is attached hereto as Exhibit C.

27.     On October 26, 2015, Brad and Eric Blumberg filed United States Patent Application No. 14/922,428 ("the '428 Application"). The '428 Application was duly examined and issued as United States Patent No. 9,754,317 ("the '317 Patent") (entitled "System and Method for Providing Information Based on Geographic Position"), on September 5, 2017.

28.     Messrs. Blumberg assigned the '317 Patent to Smarter Agent, Inc. *See* USPTO Reel/Frame No. 036883/0583. Smarter Agent, Inc. assigned the '317 Patent to Smarter Agent, LLC. *See* USPTO Reel/Frame No. 036883/0588.

29.     Smarter Agent is the owner of the '317 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '317 Patent.

30.     The '317 Patent is valid and enforceable. A copy of the '317 Patent is attached hereto as Exhibit D.

31.     On August 23, 2012, Brad and Eric Blumberg filed United States Patent Application No. 13/592,411 ("the '411 Application"). The '411 Application was duly examined and issued as United States Patent No. 9,002,371 ("the '371 Patent") (entitled "Position-Based Information Access Device and Method of Searching"), on April 7, 2015.

32.     Messrs. Blumberg assigned the '371 Patent to Smarter Agent, Inc. *See* USPTO Reel/Frame No. 030876/0694. Smarter Agent, Inc. assigned the '371 Patent to Smarter Agent, LLC. *See* USPTO Reel/Frame No. 030876/0729.

33.     Smarter Agent is the owner of the '371 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '371 Patent.

34.     The '371 Patent is valid and enforceable. A copy of the '371 Patent is attached hereto as Exhibit E.

35.     On March 23, 2015, Brad and Eric Blumberg filed United States Patent Application No. 14/665,444 ("the '444 Application") was duly examined and issued as United States Patent No, 9,754,333 ("the '333 Patent") (entitled "Position-Based Information Access Device and Method of Searching"), on September 5, 2017.

36.     Messrs. Blumberg assigned the '333 Patent to Smarter Agent, Inc. *See* USPTO Reel/Frame No. 042181/0430. Smarter Agent, Inc. assigned the '333 Patent to Smarter Agent, LLC. *See* USPTO Reel/Frame No. 042181/0472.

37.     Smarter Agent is the owner of the '333 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '333 Patent.

38.     The '333 Patent is valid and enforceable. A copy of the '333 Patent is attached hereto as Exhibit F.

39.     On October 14, 2005, Brad and Eric Blumberg filed United States Patent Application No. 11/249,733 ("the '733 Application"). The '733 Application was duly examined and issued as United States Patent No. 7,599,795 ("the '795 Patent") (entitled "Mobile Location Aware Search Engine and Method of Providing Content for Same"), on October 6, 2009.

40.    Messrs. Blumberg assigned the '795 Patent to Smarter Agent, Inc. *See* USPTO Reel/Frame No. 020018/0796. Smarter Agent, Inc. assigned the '795 Patent to Smarter Agent, LLC. *See* USPTO Reel/Frame No. 020024/0532.

41.    Smarter Agent is the owner of the '795 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '795 Patent.

42.    The '795 Patent is valid and enforceable. A copy of the '795 Patent is attached hereto as Exhibit G.

43.    On October 5, 2009, Brad and Eric Blumberg filed United States Patent Application No. 12/573,537 ("the '537 Application"). The '537 Application was duly examined and issued as United States Patent No. 8,473,199 ("the '199 Patent") (entitled "Mobile Location Aware Search Engine and Method of Providing Content for Same"), on June 25, 2013.

44.    Messrs. Blumberg assigned the '199 Patent to Smarter Agent, Inc. *See* USPTO Reel/Frame No. 029166/0526. Smarter Agent, Inc. assigned the '199 Patent to Smarter Agent, LLC. *See* USPTO Reel/Frame No. 029166/0554.

45.    Smarter Agent is the owner of the '199 Patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '199 Patent.

46.    The '199 Patent is valid and enforceable. A copy of the '199 Patent is attached hereto as Exhibit H.

47.    Smarter Agent has identified on their website that their software products are covered by the '795 Patent, the '628 Patent, the '199 Patent, and the '550 Patent since at least October 2015.

48.     Smarter Agent has identified on their website that their software products are covered by the '371 Patent since at least December 2015.

49.     Smarter Agent has identified on their website that their software products are covered by the '584 Patent, the '317 Patent, and the '333 Patent since at least February 2019

50.     The '628, '550, '584, '317, '371, '333, '795, and '199 Patents are collectively referred to herein as the "Patents" or the "Patents-in-Suit."

51.     As described below, Defendant has been and is still infringing, willfully infringing, and/or inducing others to infringe the Patents by making, using, offering for sale, selling, and/or importing the "SWPRE" home search app or other similar home search apps ("the app"), and by advertising, promoting, instructing, and facilitating the use of infringing devices and/or systems, such as a smartphone having the app installed thereon (the "Accused System"). Defendant's acts of infringement have occurred within this District and elsewhere throughout the United States. *See* Claim Charts for the Patents, attached hereto as Exhibits I–P (charting the Patents against the SWPRE home search app).

52.     In addition to the SWPRE home search app, Defendant has been and is still infringing, willfully infringing, and/or inducing others to infringe the Patents by making, using, offering for sale, selling, and/or importing home search apps for, among others, Unity Home Group, Waterfront Properties, The Hightower Team, Pearly Realty, National Realty of Brevard, Kenna Real Estate Search, Oliver Realty, Jefferson Real Estate, We Know Boise Real Estate, LA Properties Search, Las Vegas Luxury Home Pro, Madison Neighborhoods Team, Home Sales Palm Beach, Bickerstaff Parham Real Estate, Rêve Realtors, Resource Realty Group, Hayden Rowe Properties, The Beaches 360, Fridrich & Clark, Chicago Luxury Condos & Homes, and/or Hightower Homes, and by advertising, promoting, instructing, and facilitating the use of

infringing devices and/or systems, such as a smartphone having such an app installed thereon

(the "Accused System"). Defendant's acts of infringement have occurred within Texas and

elsewhere throughout the United States. *See* Apple, *Real Estate Websmaters Inc – iPad &*

*iPhone Apps* at https://itunes.apple.com/us/developer/real-estate-webmasters-

inc/id623362022#see-all/i-phonei-pad-apps (last accessed Feb. 22, 2019), attached hereto as

Exhibit S; Google, *Android Apps by Real Estate Webmasters® on Google Play* at

http://play.google.com/store/apps/

developer?id=Real+Estate+Webmasters%Cw%AE (last accessed Feb. 25, 2019), attached hereto

as Exhibit Y; *see also* Exhibits T–X (specific REW apps on the Apple App Store), Z–OO

(specific REW apps on the Google Play Store).

## <u>COUNT I: INFRINGEMENT OF THE '628 PATENT</u>

53.     Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully

set forth herein.

54.     The '628 Patent includes 21 claims. '628 Patent, Ex. A at 20:57–24:25.

55.     The patented systems and methods make location-based search queries more efficient by

allowing, for a location-based search focused in time and occurring at a specific location, a user

to focus a location-based search query without leaving the context of the location-based search.

*E.g.*, '628 Patent, Ex. A at 13:51–56 ("At an operation 204, user's 106 location (i.e., geographic

position, latitude/longitude is determined using one of the methods described above. At an

operation 206, wireless device 102 provides the geographic position information to location-

centric information system 110."), 13:57–62 ("In an operation 208, location-centric information

system 110 may retrieve location-centric information from database 112 based on the geographic

position information provided by wireless device 102. In one embodiment, location-centric

information system 110 also retrieves a location identifier from database 112."); 15:7–12
("Geographic position information of wireless device 102 may be attributed to a distinct
landmark within location-centric information system 110. In that case, location-centric
information system 110 may only transmit to wireless device 102 a single location identifier. In
such an embodiment, user 106 would then select the single location identifier."); 15:37–40
("When wireless device 102 receives the location-centric information in an operation 214, user
106 is able to manipulate the location-centric information to obtain location-centric information
relevant to user 106.").

56.     Among the specific technologic improvements directed to devices used for providing
information based on geographic position, the '628 Patent describes systems and methods that
improve a user interface to a location-based search engine, making information retrieval more
streamlined and efficient. *E.g.*, '628 Patent, Ex. A at 15:37–40 ("When wireless device 102
receives the location-centric information in an operation 214, user 106 is able to manipulate the
location-centric information to obtain location-centric information relevant to user 106.").

57.     Among the specific technologic improvements to a user interface for location-based
search engines, the '628 Patent claims systems and methods that improve the user interface in
such a manner that a user may more efficiently, and thus more quickly, discover relevant
location-based information. *E.g.*, '628 Patent, Ex. A at 22:1–23 (Claim 10) ("receiving directly
from the information system a second menu of location-centric information associated with the
property based on the selection of the icon to search for a property for sale, the second menu
having a plurality of selectable search icons including an icon to search based on the geographic
location of the electronic device").

58.     Allowing a user to focus a location-based search query while remaining within the context of an initial location-based search enables the user to discover relevant location-based data more efficiently, and thus, more quickly.

59.     The claimed elements and claimed combinations of the '628 Patent were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

60.     The '628 Patent claims a mobile location aware search engine and method of providing content for same, as opposed to traditional methods of obtaining location-centric information, which relied on conventional elements and combinations.

61.     Defendant directly infringes one or more claims of the '628 Patent without authority by using, including without limitation testing, products and systems, including by way of example, the Accused System. *See* Claim Chart for the '628 Patent, attached hereto as Exhibit I.

62.     Defendant has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 10 of the '628 Patent by using the Accused System. *See* Claim Chart for the '628 Patent, attached hereto as Exhibit I.

63.     Defendant has had actual knowledge of the '628 Patent at least as early as the date of service of this Complaint.

64.     At least as early as Defendant's knowledge of the '628 Patent, Defendant indirectly infringed the '628 Patent within the United States by inducement under 35 U.S.C. § 271(b). As of the date of Defendant's knowledge of the '628 Patent, Defendant has knowingly and intentionally induced users of the Accused System to directly infringe one or more claims of the '628 Patent, inter alia, by: (1) providing instructions or information, for example on its publicly available website, to explain how to use the Accused System in an infringing manner, including the use of the Accused System in manners described above, which are expressly

incorporated herein; and (2) touting these infringing uses of the Accused System. One example is

Defendant's App Store listing for the app, which details how to use the Accused System. *See*

Exhibit Q, saved January 22, 2018 from

https://itunes.apple.com/us/app/swpre/id1438114345?mt=8.

65.     Defendant's acts of infringement have occurred within this District and elsewhere

throughout the United States.

## COUNT II: INFRINGEMENT OF THE '550 PATENT

66.     Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully

set forth herein.

67.     The '550 Patent includes 14 claims. '550 Patent, Ex. B at 20:61–22:43.

68.     The patented systems and methods make location-based search queries more efficient by

allowing, for a location-based search focused in time and occurring at a specific location, a user

to focus a location-based search query without leaving the context of the location-based search.

*E.g.*, '550 Patent, Ex. B at 13:54–59 ("At an operation 204, user's 106 location (i.e., geographic

position, latitude/longitude) is determined using one of the methods described above. At an

operation 206, wireless device 102 provides the geographic position information to location-

centric information system 110."), 13:60–65 ("In an operation 208, location-centric information

system 110 may retrieve location-centric information from database 112 based on the geographic

position information provided by wireless device 102. In one embodiment, location-centric

information system 110 also retrieves a location identifier from database 112."); 15:11–16

("Geographic position information of wireless device 102 may be attributed to a distinct

landmark within location-centric information system 110. In that case, location-centric

information system 110 may only transmit to wireless device 102 a single location identifier. In

such an embodiment, user 106 would then select the single location identifier."); 15:40–43 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

69.     Among the specific technologic improvements directed to devices used for providing information based on geographic position, the '550 Patent describes systems and methods that improve a user interface to a location-based search engine, making information retrieval more streamlined and efficient. *E.g.*, '550 Patent, Ex. B at 15:40–43 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

70.     Among the specific technologic improvements to a user interface for location-based search engines, the '550 Patent claims systems and methods that improve the user interface in such a manner that a user may more efficiently, and thus more quickly, discover relevant location-based information. *E.g.*, '550 Patent, Ex. B at 21:42–22:21 (Claim 8) ("receiving directly from the information system a second menu of location-centric information associated with the property based on the selection of the icon to search for a property for sale, the second menu having a plurality of selectable search icons including an icon to search based on the geographic location of the electronic device").

71.     Allowing a user to focus a location-based search query while remaining within the context of an initial location-based search enables the user to discover relevant location-based data more efficiently, and thus, more quickly.

72.     The claimed elements and claimed combinations of the '550 Patent were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

73.     The '550 Patent claims a mobile location aware search engine and method of providing content for same, as opposed to traditional methods of obtaining location-centric information, which relied on conventional elements and combinations.

74.     Defendant directly infringes one or more claims of the '550 Patent without authority by using, including without limitation testing, products and systems, including by way of example, the Accused System. *See* Claim Chart for the '550 Patent, attached hereto as Exhibit J.

75.     Defendant has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 8 of the '550 Patent by using the Accused System. *See* Claim Chart for the '550 Patent, attached hereto as Exhibit J.

76.     Defendant has had actual knowledge of the '550 Patent at least as early as the date of service of this Complaint.

77.     At least as early as Defendant's knowledge of the '550 Patent, Defendant indirectly infringed the '550 Patent within the United States by inducement under 35 U.S.C. § 271(b). As of the date of Defendant's knowledge of the '550 Patent, Defendant has knowingly and intentionally induced users of the Accused System to directly infringe one or more claims of the '550 Patent, inter alia, by: (1) providing instructions or information, for example on its publicly available website, to explain how to use the Accused System in an infringing manner, including the use of the Accused System in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused System. One example is Defendant's App Store listing for the app, which details how to use the Accused System. *See* Exhibit Q, saved January 22, 2018 from https://itunes.apple.com/us/app/swpre/id1438114345?mt=8.

78.     Defendant's acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT III: INFRINGEMENT OF THE '584 PATENT

79.     Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

80.     The '584 Patent includes 16 claims. '584 Patent, Ex. C at 21:9–24:32.

81.     The patented systems and methods make location-based search queries more efficient by allowing, for a location-based search focused in time and occurring at a specific location, a user to focus a location-based search query without leaving the context of the location-based search. *E.g.*, '584 Patent, Ex. C at 13:66–14:4 ("At an operation 204, user's 106 location (i.e., geographic position, latitude/longitude) is determined using one of the methods described above. At an operation 206, wireless device 102 provides the geographic position information to location-centric information system 110."), 14:5–10 ("In an operation 208, location-centric information system 110 may retrieve location-centric information from database 112 based on the geographic position information provided by wireless device 102. In one embodiment, location-centric information system 110 also retrieves a location identifier from database 112."); 15:23–28 ("Geographic position information of wireless device 102 may be attributed to a distinct landmark within location-centric information system 110. In that case, location-centric information system 110 may only transmit to wireless device 102 a single location identifier. In such an embodiment, user 106 would then select the single location identifier."); 15:52–55 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

15

82.     Among the specific technologic improvements directed to devices used for providing information based on geographic position, the '584 Patent claims systems and methods that improve a user interface to a location-based search engine, making information retrieval more streamlined and efficient. *E.g.*, '584 Patent, Ex. C at 15:52–55 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

83.     Among the specific technologic improvements to a user interface for location-based search engines, the '584 Patent describes systems and methods that improve the user interface in such a manner that a user may more efficiently, and thus more quickly, discover relevant location-based information. *E.g.*, '584 Patent, Ex. C at 23:5–33 (Claim 12) ("receiving at the mobile electronic device from the information system a menu of location-centric information associated with the selected location identifier, the menu having a plurality of selectable icons to search within a predetermined radius, the plurality of selectable icons including a plurality of icons each configured to initiate a search within a predetermined radius of the geographic location of the mobile electronic device when selected).

84.     Allowing a user to focus a location-based search query while remaining within the context of an initial location-based search enables the user to discover relevant location-based data more efficiently, and thus, more quickly.

85.     The claimed elements and claimed combinations the '584 Patent were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

86.     The '584 Patent claims a mobile location aware search engine and method of providing content for same, as opposed to traditional methods of obtaining location-centric information, which relied on conventional elements and combinations.

87.     Defendant directly infringes one or more claims of the '584 Patent without authority by using, including without limitation testing, products and systems, including by way of example, the Accused System. *See* Claim Chart for the '584 Patent, attached hereto as Exhibit K.

88.     Defendant has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 12 of the '584 Patent by using the Accused System. *See* Claim Chart for the '584 Patent, attached hereto as Exhibit K.

89.     Defendant has had actual knowledge of the '584 Patent at least as early as the date of service of this Complaint.

90.     At least as early as Defendant's knowledge of the '584 Patent, Defendant indirectly infringed the '584 Patent within the United States by inducement under 35 U.S.C. § 271(b). As of the date of Defendant's knowledge of the '584 Patent, Defendant has knowingly and intentionally induced users of the Accused System to directly infringe one or more claims of the '584 Patent, inter alia, by: (1) providing instructions or information, for example on its publicly available website, to explain how to use the Accused System in an infringing manner, including the use of the Accused System in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused System. One example is Defendant's App Store listing for the app, which details how to use the Accused System. *See* Exhibit Q, saved January 22, 2018 from https://itunes.apple.com/us/app/swpre/id1438114345?mt=8.

91.     Defendant's acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT IV: INFRINGEMENT OF THE '317 PATENT

92.     Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully

set forth herein.

93.     The '317 Patent includes 20 claims. '317 Patent, Ex. D at 21:43–24:53.

94.     The patented systems and methods make location-based search queries more efficient by

allowing, for a location-based search focused in time and occurring at a specific location, a user

to focus a location-based search query without leaving the context of the location-based search.

*E.g.*, '317 Patent, Ex. D at 14:25–30 ("At an operation 204, user's 106 location (i.e., geographic

position, latitude/longitude) is determined using one of the methods described above. At an

operation 206, wireless device 102 provides the geographic position information to location-

centric information system 110."), 14:31–36 ("In an operation 208, location-centric information

system 110 may retrieve location-centric information from database 112 based on the geographic

position information provided by wireless device 102. In one embodiment, location-centric

information system 110 also retrieves a location identifier from database 112."); 15:51–55

("Geographic position information of wireless device 102 may be attributed to a distinct

landmark within location-centric information system 110. In that case, location-centric

information system 110 may only transmit to wireless device 102 a single location identifier. In

such an embodiment, user 106 would then select the single location identifier."); 16:14–17

("When wireless device 102 receives the location-centric information in an operation 214, user

106 is able to manipulate the location-centric information to obtain location-centric information

relevant to user 106.").

95.     Among the specific technologic improvements directed to devices used for providing

information based on geographic position, the '317 Patent describes systems and methods that

improve a user interface to a location-based search engine, making information retrieval more

streamlined and efficient. *E.g.*, '317 Patent, Ex. D at 16:14–17 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

96.     Among the specific technologic improvements to a user interface for location-based search engines, the '317 Patent claims systems and methods that improve the user interface in such a manner that a user may more efficiently, and thus more quickly, discover relevant location-based information. *E.g.*, '317 Patent, Ex. D at 23:52–24:31 (Claim 15) ("receiving at the mobile electronic device from the information system a plurality of selectable icons to search within a predetermined radius, each icon from the plurality of selectable icons configured to initiate a search within a different predetermined radius of the geographic location of the mobile electronic device when selected.").

97.     Allowing a user to focus a location-based search query while remaining within the context of an initial location-based search enables the user to discover relevant location-based data more efficiently, and thus, more quickly.

98.     The claimed elements and claimed combinations of the '317 Patent  were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

99.     The '317 Patent claims a mobile location aware search engine and method of providing content for same, as opposed to traditional methods of obtaining location-centric information, which relied on conventional elements and combinations.

100.    Defendant directly infringes one or more claims of the '317 Patent without authority by using, including without limitation testing, products and systems, including by way of example, the Accused System. *See* Claim Chart for the '317 Patent, attached hereto as Exhibit L.

101.    Defendant has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 15 of the '317 Patent by using the Accused System. *See* Claim Chart for the '317 Patent, attached hereto as Exhibit L.

102.    Defendant has had actual knowledge of the '317 Patent at least as early as the date of service of this Complaint.

103.    At least as early as Defendant's knowledge of the '317 Patent, Defendant indirectly infringed the '317 Patent within the United States by inducement under 35 U.S.C. § 271(b). As of the date of Defendant's knowledge of the '317 Patent, Defendant has knowingly and intentionally induced users of the Accused System to directly infringe one or more claims of the '317 Patent, inter alia, by: (1) providing instructions or information, for example on its publicly available website, to explain how to use the Accused System in an infringing manner, including the use of the Accused System in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused System. One example is Defendant's App Store listing for the app, which details how to use the Accused System. *See* Exhibit Q, saved January 22, 2018 from https://itunes.apple.com/us/app/swpre/id1438114345?mt=8.

104.    Defendant's acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT V: INFRINGEMENT OF THE '371 PATENT

105.    Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

106.    The '371 Patent includes 6 claims. '371 Patent, Ex. E at 12:25–13:2.

107.    The patented systems and methods make location-based search queries more efficient by allowing, for a location-based search focused in time and occurring at a specific location, a user to focus a location-based search query without leaving the context of the location-based search. *E.g.*, '371 Patent, Ex. E at 6:39–44 ("At an operation 204, user's 106 location (i.e., geographic position, latitude/longitude) is determined using one of the methods described above. At an operation 206, wireless device 102 provides the geographic position information to location-centric information system 110."), 6:45–50 ("In an operation 208, location-centric information system 110 may retrieve location-centric information from database 112 based on the geographic position information provided by wireless device 102. In one embodiment, location-centric information system 110 also retrieves a location identifier from database 112."); 7:63–8:1 ("Geographic position information of wireless device 102 may be attributed to a distinct landmark within location-centric information system 110. In that case, location-centric information system 110 may only transmit to wireless device 102 a single location identifier. In such an embodiment, user 106 would then select the single location identifier."); 8:25–28 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

108.    Among the specific technologic improvements directed to devices used for providing information based on geographic position, the '371 Patent describes systems and methods that improve a user interface to a location-based search engine, making information retrieval more streamlined and efficient. *E.g.*, '371 Patent, Ex. E at 8:25–28 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

109.    Among the specific technologic improvements to a user interface for location-based search engines, the '371 Patent claims systems and methods that improve the user interface in such a manner that a user may more efficiently, and thus more quickly, discover relevant location-based information. *E.g.*, '371 Patent, Ex. E at 12:25–53 (Claim 1) ("receiving at said handheld wireless device location-centric information from said information system, said location-centric information related to a landmark for sale located proximate to said geographic position of said handheld wireless device within the predetermined radial distance, said location-centric attribute information including indicia of a plurality of features related to said landmark for sale.").

110.    Allowing a user to focus a location-based search query while remaining within the context of an initial location-based search enables the user to discover relevant location-based data more efficiently, and thus, more quickly.

111.    The claimed elements and claimed combinations of the '371 Patent were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

112.    The '371 Patent claims a mobile location aware search engine and method of providing content for same, as opposed to traditional methods of obtaining location-centric information, which relied on conventional elements and combinations.

113.    Defendant directly infringes one or more claims of the '371 Patent without authority by using, including without limitation testing, products and systems, including by way of example, the Accused System. *See* Claim Chart for the '371 Patent, attached hereto as Exhibit M.

114.    Defendant has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '371 Patent by using the Accused System. *See* Claim Chart for the '371 Patent, attached hereto as Exhibit M.

115.     Defendant has had actual knowledge of the '371 Patent at least as early as the date of service of this Complaint.

116.     At least as early as Defendant's knowledge of the '371 Patent, Defendant indirectly infringed the '371 Patent within the United States by inducement under 35 U.S.C. § 271(b). As of the date of Defendant's knowledge of the '371 Patent, Defendant has knowingly and intentionally induced users of the Accused System to directly infringe one or more claims of the '371 Patent, inter alia, by: (1) providing instructions or information, for example on its publicly available website, to explain how to use the Accused System in an infringing manner, including the use of the Accused System in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused System. One example is Defendant's App Store listing for the app, which details how to use the Accused System. *See* Exhibit Q, saved January 22, 2018 from https://itunes.apple.com/us/app/swpre/id1438114345?mt=8.

117.     Defendant's acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT VI: INFRINGEMENT OF THE '333 PATENT

118.     Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

119.     The '333 Patent includes 12 claims. '333 Patent, Ex. F at 12:56–14:41.

120.     The patented systems and methods make location-based search queries more efficient by allowing, for a location-based search focused in time and occurring at a specific location, a user to focus a location-based search query without leaving the context of the location-based search. *E.g.*, '333 Patent, Ex. E at 6:65–7:2 ("At an operation 204, user's 106 location (i.e., geographic

position, latitude/longitude) is determined using one of the methods described above. At an operation 206, wireless device 102 provides the geographic position information to location-centric information system 110."), 7:3–5 ("In an operation 208, location-centric information system 110 may retrieve location-centric information from database 112 based on the geographic position information provided by wireless device 102. In one embodiment, location-centric information system 110 also retrieves a location identifier from database 112."); 8:23–27 ("Geographic position information of wireless device 102 may be attributed to a distinct landmark within location-centric information system 110. In that case, location-centric information system 110 may only transmit to wireless device 102 a single location identifier. In such an embodiment, user 106 would then select the single location identifier."); 8:54–58 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

121.    Among the specific technologic improvements directed to devices used for providing information based on geographic position, the '333 Patent describes systems and methods that improve a user interface to a location-based search engine, making information retrieval more streamlined and efficient. *E.g.*, '333 Patent, Ex. E at 8:54–57 ("When wireless device 102 receives the location-centric information in an operation 214, user 106 is able to manipulate the location-centric information to obtain location-centric information relevant to user 106.").

122.    Among the specific technologic improvements to a user interface for location-based search engines, the '333 Patent claims systems and methods that improve the user interface in such a manner that a user may more efficiently, and thus more quickly, discover relevant location-based information. *E.g.*, '333 Patent, Ex. E at 13:37–14:23 (Claim 7) ("sending to said

handheld wireless device from said information system, data associated with a plurality of icons, each icon from the plurality of icons being configured to provide a criteria for a search for a landmark for sale from said plurality of landmarks for sale within a distance from said geographic position of said handheld wireless device").

123.    Allowing a user to focus a location-based search query while remaining within the context of an initial location-based search enables the user to discover relevant location-based data more efficiently, and thus, more quickly.

124.    The claimed elements and claimed combinations of the '333 Patent were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

125.    The '333 Patent claims a mobile location aware search engine and method of providing content for same, as opposed to traditional methods of obtaining location-centric information, which relied on conventional elements and combinations.

126.    Defendant directly infringes one or more claims of the '333 Patent without authority by using, including without limitation testing, products and systems, including by way of example, the Accused System. *See* Claim Chart for the '333 Patent, attached hereto as Exhibit N.

127.    Defendant has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 7 of the '333 Patent by using the Accused System. *See* Claim Chart for the '333 Patent, attached hereto as Exhibit N.

128.    Defendant has had actual knowledge of the '333 Patent at least as early as the date of service of this Complaint.

129.    At least as early as Defendant's knowledge of the '333 Patent, Defendant indirectly infringed the '333 Patent within the United States by inducement under 35 U.S.C. § 271(b). As of the date of Defendant's knowledge of the '333 Patent, Defendant has knowingly and

intentionally induced users of the Accused System to directly infringe one or more claims of

the '333 Patent, inter alia, by: (1) providing instructions or information, for example on its

publicly available website, to explain how to use the Accused System in an infringing manner,

including the use of the Accused System in manners described above, which are expressly

incorporated herein; and (2) touting these infringing uses of the Accused System. One example is

Defendant's App Store listing for the app, which details how to use the Accused System. *See*

Exhibit Q, saved January 22, 2018 from

https://itunes.apple.com/us/app/swpre/id1438114345?mt=8.

130.    Defendant's acts of infringement have occurred within this District and elsewhere

throughout the United States.

## COUNT VII: INFRINGEMENT OF THE '795 PATENT

131.    Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully

set forth herein.

132.    The '795 Patent includes 22 claims. '795 Patent, Ex. G at 7:56–10:23.

133.    The '795 Patent claims specific technologic improvements directed to devices used for

providing information based on geographic position. *E.g.*, '795 Patent, Ex. G at 3:59–61 ("A

system includes a location aware search engine that identifies a user's geographic location and

then delivers information associated with a landmark at that location to the user.").

134.    Among the specific technologic improvements directed to devices used for providing

information based on geographic position, the '795 Patent describes systems and methods that

make information storage and retrieval more streamlined and efficient. *E.g.*, '795 Patent, Ex. G

at 4:11–17 ("A mobile or wireless device can be used to access a database to search for

information, promotions, and events at landmarks relative to where the user is physically located.

26

The system requires *limited typing* as the system uses location-detecting technology, such as through an operative communication with a GPS satellite, to identify where the user is standing.") (emphasis added).

135.    Among the specific technologic improvements to location-based search engines, the '795 Patent claims a method that makes location-based search queries more efficient and, therefore, faster. *E.g.*, '795 Patent, Ex. G at 10:1–23 (Claim 22) ("wherein the data input by a user is *automatically associated* with the geographic position *substantially simultaneously with the data being input by the user*.") (emphasis added).

136.    The patented method makes location-based search queries more efficient by automatically associating user-input data with a user's geographic position in real-time or near real-time with the user input. *E.g.*, '795 Patent, Ex. G at 7:35–40 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database in real-time and made available to other users of the database 26 as described above.").

137.    Associating user-input data with a user's geographic position in real-time or near real-time with the user input enables a location-based search query to combine user-input data and geographic location into a single associative database query.

138.    Among the specific technologic improvements to location-based search databases, the '795 Patent claims a system that stores and retrieves results to location-based search queries more efficiently and, therefore, faster. *E.g.*, '795 Patent, Ex. G at 9:1–19 (Claim 17) ("the information database configured to *automatically associate* the data with geographic position

***substantially simultaneously with the transmitted data being uploaded*** to the database.")
(emphasis added).

139.    The patented system makes location-based search databases more efficient by
automatically associating user-input data with the geographic position at substantially the same
time the user data is uploaded to the database. By associating user-input data with geographic
position data, the search query submitted to the database combines user-input data and
geographic position data as a single query, allowing the database to be efficiently indexed
according to an association of data types and geographic position.

140.    The claimed elements and claimed combinations were not well-understood, routine, and
conventional to a skilled artisan in the relevant field. *E.g.*, '795 Patent, Ex. G at 9:1–19 (Claim
17) ("the information database configured to ***automatically associate*** the data with geographic
position ***substantially simultaneously with the transmitted data being uploaded*** to the
database.") (emphasis added).

141.    The '795 Patent claims a mobile location aware search engine and method of providing
content for same, as opposed to traditional methods of obtaining location-centric information,
which relied on conventional elements and combinations. For example, the "traditional methods
of obtaining such information include using printed materials such as guide books, maps, etc.,
communicating with people knowledgeable about the particular location, and researching the
particular location either before or after being physically present at the location." '795 Patent,
Ex. G at 1:65–2:3; *see also id.* at 2:4–8 ("Such methods of obtaining information may
significantly detract from the person's ability to appreciate or experience the location at which
they are present. Put more simply, the person may not be able to gather or access enough
information about the location because it is not readily available."), 2:9–14 ("Additionally, the

person may not be able to access information about the location that is based on time. For example, if a person is visiting a famous landmark at a time when there are no tour guides available and the local gift shop is closed, the person may not be able to obtain valuable information about the landmark.").

142.    The '795 Patent describes systems that *improve* location-aware search. *E.g.*, '795 Patent, Ex. G at 7:35–40 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database *in real-time* and made available to other users of the database 26 as described above.") (emphasis added).

143.    The claims of the '795 Patent are not directed to a method of organizing human activity, nor are they directed to a fundamental economic practice long prevalent in our system of commerce. *E.g.*, '795 Patent, Ex. G at 7:7–18 ("At step 50 a geographic position of a wireless device 20 operated by a user 34 is identified. As described above, this identification can include communication with a GPS satellite to identify longitude and latitude coordinates for the geographic position of the device 20. The geographic position can then be transmitted to a database 26 at step 52. At step 54, data associated with one or more landmarks at the geographic position is received at the device 20 from the database 26. The data can be automatically transmitted from the database 26 to the device 20 based on the geographic position of the device 20."); 7:35–40 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database *in real-time* and made available to other users of the database 26 as described above.") (emphasis added).

144.    The systems and methods of the '795 Patent overcome technical problems—limitations on location-aware search and how to provide content for a location-aware search, as well as improving the efficiency of a database through better indexing. *E.g.*, '795 Patent, Ex. G at 4:11–17 ("A mobile or wireless device can be used to access a database to search for information, promotions, and events at landmarks relative to where the user is physically located. The system requires ***limited typing*** as the system uses location-detecting technology, such as through an operative communication with a GPS satellite, to identify where the user is standing.") (emphasis added).

145.    Defendant directly infringes one or more claims of the '795 Patent without authority by using, including without limitation testing, products and systems, including by way of example, the Accused System. *See* Claim Chart for the '795 Patent, attached hereto as Exhibit O.

146.    Defendant has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 17 of the '795 Patent by using the Accused System. *See* Claim Chart for the '795 Patent, attached hereto as Exhibit O.

147.    Defendant has had actual knowledge of the '795 Patent at least as early as the date of service of this Complaint.

148.    At least as early as Defendant's knowledge of the '795 Patent via service of this Complaint, Defendant indirectly infringed the '795 Patent within the United States by inducement under 35 U.S.C. § 271(b). As of the date of Defendant's knowledge of the '795 Patent, Defendant has knowingly and intentionally induced users of the Accused System to directly infringe one or more claims of the '795 Patent, inter alia, by: (1) providing instructions or information, for example on its publicly available website, to explain how to use the Accused System in an infringing manner, including the use of the Accused System in manners described

above, which are expressly incorporated herein; and (2) touting these infringing uses of the

Accused System. One example is Defendant's App Store listing for the app, which details how to

use the Accused System. *See* Exhibit Q, saved January 22, 2018 from

https://itunes.apple.com/us/app/swpre/id1438114345?mt=8.

149.    Defendant's acts of infringement have occurred within this District and elsewhere

throughout the United States.

## COUNT VIII: INFRINGEMENT OF THE '199 PATENT

150.    Smarter Agent repeats and re-alleges the allegations of the above paragraphs as if fully

set forth herein.

151.    The '199 Patent includes 22 claims. '199 Patent, Ex. H at 7:63–10:22.

152.    The '199 Patent claims specific technologic improvements directed to devices used for

providing information based on geographic position. *E.g.*, '199 Patent, Ex. H at 3:65–67 ("A

system includes a location aware search engine that identifies a user's geographic location and

then delivers information associated with a landmark at that location to the user.").

153.    Among the specific technologic improvements directed to devices used for providing

information based on geographic position, the '199 Patent describes systems and methods that

make information storage and retrieval more streamlined and efficient. *E.g.*, '199 Patent, Ex. H

at 4:17–23 ("A mobile or wireless device can be used to access a database to search for

information, promotions, and events at landmarks relative to where the user is physically located.

The system requires *limited typing* as the system uses location-detecting technology, such as

through an operative communication with a GPS satellite, to identify where the user is

standing.") (emphasis added).

154.    Among the specific technologic improvements to location-based search engines, the '199 Patent claims a method that makes location-based search queries more efficient and, therefore, faster. *E.g.*, '199 Patent, Ex. H at 10:1–10 (Claim 19) ("wherein the data input by a user is ***automatically associated*** with the geographic position ***substantially simultaneously with the data being input by the user***.") (emphasis added).

155.    The patented method makes location-based search queries more efficient by automatically associating user-input data with a user's geographic position in real-time or near real-time with the user input. *E.g.*, '199 Patent, Ex. H at 7:41–46 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database in real-time and made available to other users of the database 26 as described above.").

156.    Associating user-input data with a user's geographic position in real-time or near real-time with the user input enables a location-based search query to combine user-input data and geographic location into a single associative database query.

157.    Among the specific technologic improvements to location-based search databases providing results to location-based search engines, the '199 Patent claims a system that stores and retrieves results to location-based search queries more efficiently and, therefore, faster. *E.g.*, '199 Patent, Ex. H at 9:8–18 ("a wireless device configured to provide a geographic position of the wireless device to the database . . . the information database configured to ***automatically associate*** the data with geographic position ***substantially simultaneously with the transmitted data being uploaded*** to the database.") (emphasis added).

32

158.    The patented system of the '199 Patent makes location-based search databases more efficient by automatically associating user-input data with the geographic position at substantially the same time the user data is being uploaded to the database. By associating user-input data with geographic position data, the search query submitted to the database combines user-input data and geographic position data as a single query, allowing the database itself to be efficiently indexed according to an association of data types and geographic position.

159.    The claimed elements and claimed combinations of the '199 Patent were not well-understood, routine, and conventional to a skilled artisan in the relevant field. *E.g.*, '199 Patent, Ex. H at 9:8–18 ("a wireless device configured to provide a geographic position of the wireless device to the database . . . the information database configured to ***automatically associate*** the data with geographic position ***substantially simultaneously with the transmitted data being uploaded*** to the database.") (emphasis added).

160.    The '199 Patent claims a mobile location aware search engine and method of providing content for same, as opposed to traditional methods of obtaining location-centric information, which relied on conventional elements and combinations. For example, the "traditional methods of obtaining such information include using printed materials such as guide books, maps, etc., communicating with people knowledgeable about the particular location, and researching the particular location either before or after being physically present at the location." '199 Patent, Ex. H at 2:3–8, *see also id.* at 2:9–13 ("Such methods of obtaining information may significantly detract from the person's ability to appreciate or experience the location at which they are present. Put more simply, the person may not be able to gather or access enough information about the location because it is not readily available."); *id.* at 2:14–19 ("Additionally, the person may not be able to access information about the location that is based on time. For example, if a

person is visiting a famous landmark at a time when there are no tour guides available and the local gift shop is closed, the person may not be able to obtain valuable information about the landmark.").

161.    The '199 Patent describes systems that ***improve*** location-aware search. *E.g.*, '199 Patent, Ex. H at 7:41–46 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26. This allows information about a landmark to be loaded into the database ***in real-time*** and made available to other users of the database 26 as described above.") (emphasis added).

162.    The claims of the '199 Patent are not directed to a method of organizing human activity, nor are they directed to a fundamental economic practice long prevalent in our system of commerce. *E.g.*, '199 Patent, Ex. H at 7:13–24 ("At step 50 a geographic position of a wireless device 20 operated by a user 34 is identified. As described above, this identification can include communication with a GPS satellite to identify longitude and latitude coordinates for the geographic position of the device 20. The geographic position can then be transmitted to a database 26 at step 52. At step 54, data associated with one or more landmarks at the geographic position is received at the device 20 from the database 26. The data can be automatically transmitted from the database 26 to the device 20 based on the geographic position of the device 20."); 7:41–46 ("At step 62 the user can input data into the device via a user interface (e.g., keypad, stylus, touch-screen), and at step 64 the device 20 can transmit the data to the database 26.").

163.    Defendant directly infringes one or more claims of the '199 Patent without authority by using, including without limitation testing, products and systems, including by way of example, the Accused System. *See* Claim Chart for the '199 Patent, attached hereto as Exhibit P.

164.    Defendant has been and is directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '199 Patent by using the Accused System. *See* Claim Chart for the '199 Patent, attached hereto as Exhibit P.

165.    Defendant has had actual knowledge of the '199 Patent at least as early as the service of this Complaint.

166.    At least as early as Defendant's knowledge of the '199 Patent, Defendant indirectly infringed the '199 Patent within the United States by inducement under 35 U.S.C. § 271(b). As of the date of Defendant's knowledge of the '199 Patent, Defendant has knowingly and intentionally induced users of the Accused System to directly infringe one or more claims of the '199 Patent, inter alia, by: (1) providing instructions or information, for example on its publicly available website, to explain how to use the Accused System in an infringing manner, including the use of the Accused System in manners described above, which are expressly incorporated herein; and (2) touting these infringing uses of the Accused System. One example is Defendant's App Store listing for the app, which details how to use the Accused System. *See* Exhibit Q, saved January 22, 2018 from https://itunes.apple.com/us/app/swpre/id1438114345?mt=8.

167.    Defendant's acts of infringement have occurred within this District and elsewhere throughout the United States.

## PRAYER FOR RELIEF

WHEREFORE, Smarter Agent respectfully requests that the Court enter judgment as follows:

A.    Declaring that Defendant has infringed the Patents;

35

B.      Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty for Defendant's infringement including pre-judgment and post-judgment interest at the maximum rate permitted by law;

C.      Ordering an award of reasonable attorneys' fees against Defendant to Smarter Agent as provided by 35 U.S.C. § 285;

D.      Awarding expenses, costs, and disbursements in this action against Defendant, including prejudgment interest; and

E.      Ordering a permanent injunction enjoining Defendant, their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with Defendant from infringing the Patents; and

F.      Awarding such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated:  March 4, 2019                                    Respectfully submitted,

_/s/ Scott Crocker _____
Steven Sprinkle
Texas State Bar No. 00794962
Scott Crocker
Texas State Bar No. 00790532
SPRINKLE IP LAW GROUP, P.C.
1301 W. 25th Street, Suite 408
Austin, Texas 78705
(512) 637-9220
(512) 371-9088 – facsimile
E-mail: ssprinkle@sprinklelaw.com
E-mail: scrocker@sprinklelaw.com

Jeffrey G. Toler, *Lead Counsel*
Texas State Bar No. 24011201

Benjamin R. Johnson (*pro hac vice* admission pending)
Texas State Bar No. 24065495
TOLER LAW GROUP, PC
8500 Bluffstone Cove
Suite A201
Austin, Texas 78759
(512) 327-5515
E-mail: jtoler@tlgiplaw.com
E-mail: bjohnson@tlgiplaw.com

*Attorneys for Plaintiff Smarter Agent, LLC.*