# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **SMARTER AGENT, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 6:19-cv-00182-ADA** |
| | § | |
| **REAL ESTATE WEBMASTERS, INC.,** | § | **Jury Trial Demanded** |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT REAL ESTATE WEBMASTERS, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................... 2

III.  ARGUMENT ....................................................................................................... 5

    A.  Legal Standards Governing this Motion to Dismiss ............................... 5

        1.  *Direct infringement* ................................................................... 6

        2.  *Willful infringement* .................................................................. 7

    B.  The Complaint Fails to State a Claim for Direct Infringement of Seven of the Eight Asserted Patents ................................................................................................. 8

    C.  The Complaint Fails to State a Claim for Willful Infringement ............................. 9

        1.  *Smarter Agent fails to allege any facts to plausibly show that REW had pre-suit knowledge of the Asserted Patents and the alleged infringement* ....... 10

        2.  *Smarter Agent fails to allege any facts to plausibly show that REW engaged in egregious, piratical conduct* .............................................................. 11

IV.  CONCLUSION ................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 U.S. Dist.
LEXIS 89752 (D. Or. Jun. 12, 2017) ...................................................................10

*Aristocrat Techs. Australia Pty. Ltd. v. Int'l Game Tech.*, 709 F.3d 1348 (Fed. Cir.
2013).......................................................................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 5-6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................6

*CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 2:16-cv-00801-RCJ-VCF, 2017 U.S.
Dist. LEXIS 1511 (D. Nev. Jan. 4, 2017)............................................................11

*CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489
(D. Nev. Feb. 17, 2017).........................................................................................8

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC, 2017
U.S. Dist. LEXIS 56140 (N.D. Ga. Apr. 6, 2017) ................................................10

*Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171-RWS,
2016 WL 2902482 (E.D. Tex. Mar. 30, 2016) .......................................................6

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).................8

*Dorman Prods. v. PACCAR, Inc.*, 201 F. Supp. 3d 663 (E.D. Pa. 2016)...................11

*Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D.
Cal. Jun. 7, 2017) .............................................................................................8, 12

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-cv-00026, slip op. Dkt.
#56 (W.D. Tex. Jun. 13, 2019) ............................................................................11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) ............................*Passim*

*Inhale, Inc v. Gravitron, LLC*, No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D.
Tex. Dec. 10, 2018)..........................................................................................10-11

*Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1-14-CV-134-
LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ...............................................6

*Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154 (E.D. Va.
Jan. 25, 2017).......................................................................................................12

*Lyda v. CBS Corp.*, 838 F.3d 1331 (Fed. Cir. 2016) ................................................6

*Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ............................................................................7, 11

*Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232 (W.D. Tex. May 15, 2009) ...........................................................................................1

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354 (Fed. Cir. 2012)...........................7

*Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018) ....................................................8

*NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-cv-02352-EJD, 2018 U.S. Dist. LEXIS 159412 (N.D. Cal. Sep. 18, 2018).....................................................................7, 10

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 3:15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. July 7, 2016) ...............................................................9

*Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-CV-02024-RMW, 2016 WL 4427490 (N.D. Cal. Aug. 22, 2016)...........................................................10

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ..........................................................6

*Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112 (N.D. Cal. 2018) .................10

*Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871, 2016 WL 3748772 (D. Del. Jul. 12, 2016)................................................................................................8, 12

*WBIP, LLC v. Kohler Co.*, 829 F.3d 1317 (Fed. Cir. 2016)....................................................7, 9

*Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-cv-062-WMC, 2017 U.S. Dist. LEXIS 86418 (W.D. Wis. Jun. 6, 2017) ...........................................................11

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................8

35 U.S.C. § 284.................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 12 (b)(6) ..................................................................................................1

I.       **INTRODUCTION**

Smarter Agent LLC's ("Smarter Agent") Complaint does not and cannot plausibly allege direct infringement by Real Estate Webmasters, Inc. ("REW") for seven of the eight Asserted Patents, and the Complaint does not contain sufficient substance to plausibly allege willful infringement for any of the Asserted Patents. Pursuant to Fed. R. Civ. P. 12(b)(6), these insufficiently pled claims should be dismissed for failure to state a claim.[1]

First, based on how the Asserted Claims are drafted, all but one Asserted Claim recites a method or system that would not even arguably be performed or used by REW itself, but rather by an end-user using their "smartphone" (to the extent the claimed methods/systems are performed/used by anyone, which REW obviously does not concede). Smarter Agent implicitly admits this fact in the claim charts attached to its Complaint, all of which begin with one of the following allegations for the Asserted Claims:

- "On information and belief, a *smartphone* (e.g., an iPhone or Samsung Galaxy) having installed thereon Real Estate Webmasters' . . . SWPRE home search app . . . *performs a computer-implemented method* [as claimed]." [Dkt. #1, Exhibits I, J, K, L, M, and P] (emphasis added).

- "On information and belief, a *user operating a smartphone* (e.g., an iPhone or Samsung Galaxy) having installed thereon REW's 'SWPRE' app . . . *uses a system for location-aware search* [as claimed]." [Dkt. #1, Exhibit O] (emphasis added).

Thus, as dictated by the language of the Asserted Claims and confirmed by Smarter Agent's own allegations in the Complaint, there can be no direct infringement by REW for seven of the eight Asserted Patents. Smarter Agent's direct infringement claims for those seven Asserted Patents should therefore be dismissed for failure to state a claim.

---

[1] The present motion suspends REW's obligation to respond to the entire complaint. *See Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at \*1-2 (W.D. Tex. May 15, 2009).

Second, Smarter Agent's willful infringement claim against REW should be dismissed in its entirety because it is devoid of any plausible factual support. Smarter Agent's only allegation of willfulness is based on a conclusory statement that "Defendant has been and is still . . . willfully infringing . . . ." Such a threadbare allegation of willfulness falls far short of meeting the high pleading standard for willful infringement because it is not supported by facts that would plausibly show (1) REW's pre-suit knowledge of the Asserted Patents and allegedly infringing conduct, and (2) any egregious conduct by REW.

For these reasons, this Court should grant REW's motion and dismiss Plaintiff's direct infringement claims for seven of the eight Asserted Patents (all but the '333 Patent) and the entirety of its willful infringement claim.

## II.    STATEMENT OF FACTS

Smarter Agent filed its original Complaint on March 4, 2019, alleging that REW infringed eight of its patents: U.S. Patent Nos. 7,457,628 (the "'628 Patent"), 8,442,550 ("the '550 Patent"), 9,183,584 ("the '584 Patent"), 9,754,317 ("the '317 Patent"), 9,002,371 ("the '371 Patent"), 9,754,333 ("the '333 Patent"), 7,599,795 ("the '795 Patent"), 8,473,199 ("the '199 Patent") (collectively, the "Asserted Patents"). Dkt. #1 at ¶¶ 15-50. All but one of the claims asserted by Smarter Agent in the Complaint are method claims, which include claim 10 of the '628 Patent, claim 8 of the '550 Patent, claim 12 of the '584 Patent, claim 15 of the '317 Patent, claim 1 of the '371 Patent, claim 7 of the '333 Patent, and claim 1 of the '199 Patent. *Id.* at ¶¶ 62, 75, 88, 101, 114, 127, and 164. The Complaint also asserts one system claim, which is claim 17 of the '795 Patent. *Id.* at ¶ 146. The eight claims asserted in the Complaint are referred to collectively herein as the "Asserted Claims."

With the exception of the claim asserted from the '333 Patent, each of the method claims asserted by Smarter Agent requires the performance of various steps that are explicitly recited in

the claims as being performed by an "electronic device," "mobile electronic device," "handheld wireless device," or "wireless device," all of which the claim charts attached to the Complaint allege is embodied by "a smartphone (e.g., an iPhone or Samsung Galaxy)." Examples of these claimed method steps, and the associated allegations from the claim charts, include (all emphasis is added):

| Asserted Claim | Claim Language of Example Step | Allegation from Claim Chart (excerpt) |
|---|---|---|
| Claim 10, '628 Patent | "providing to an information system information related to a geographic location associated with a position of an **electronic device**, the geographic location being located within a base grid" | "On information and belief, **a smartphone** (e.g., an iPhone or Samsung Galaxy) having the app installed thereon (i.e., an electronic device) **provides information related to a geographic position of the electronic device** to one or more REW servers (i.e., an information system)." [Dkt. #1, Ex. I at 2.] |
| Claim 8, '550 Patent | "providing from an **electronic device** to an information system information related to a geographic location associated with a position of the electronic device, the geographic location being located within a base grid" | "On information and belief, **a smartphone** (e.g., an iPhone or Samsung Galaxy) having the app installed thereon (i.e., an electronic device) **provides information related to a geographic position of the electronic device** to one or more REW servers (i.e., an information system)." [Dkt. #1, Ex. J at 2.] |
| Claim 12, '584 Patent | "providing from a **mobile electronic device** to an information system information related to a geographic location associated with a position of the mobile electronic device, the information system being at a geographic location remote from the geographic location of the mobile electronic device" | "On information and belief, **a smartphone** (e.g., an iPhone or Samsung Galaxy) having the app installed thereon (i.e., a mobile electronic device) **provides information related to a geographic position of the mobile electronic device** to one or more REW servers (i.e., an information system), the smartphone located remote from the cloud-based data center." [Dkt. #1, Ex. K at 2.] |
| Claim 15, '317 Patent | "providing from a **mobile electronic device** to an information system information related to a geographic location associated with a position of the mobile electronic device, the information system being | "On information and belief, **a smartphone** (e.g., an iPhone or Samsung Galaxy) having the app installed thereon (i.e., a mobile electronic device) **provides information related to a geographic position of the mobile electronic device** to one or more REW servers (i.e., an information system), the |

| | at a geographic location remote from the geographic location of the mobile electronic device" | smartphone located remote from the cloud-based data center." [Dkt. #1, Ex. L at 2.] |
|---|---|---|
| Claim 1, '371 Patent | "providing information from a **handheld wireless device** to an information system located remote from the handheld wireless device, the information related to a geographic position of said handheld wireless device" | "On information and belief, **a smartphone** (e.g., an iPhone or Samsung Galaxy) having the app installed thereon (i.e., a handheld wireless device) **provides information related to a geographic position of the mobile electronic device** to one or more REW servers (i.e., an information system), the smartphone located remote from one or more REW servers." [Dkt. #1, Ex. M at 2.] |
| Claim 1, '199 Patent | "identifying a geographic position of a **wireless device**" | "On information and belief, **a smartphone** (e.g., an iPhone or Samsung Galaxy) having the app installed thereon (i.e., a wireless device) **identifies a geographic position of the wireless device**." [Dkt. #1, Ex. P at 2.] |

Similarly, the system claim asserted by Smarter Agent recites as an element of the system a "wireless device," which the claim chart attached to the Complaint alleges is "a smartphone (e.g., an iPhone or Samsung Galaxy)." And the claim chart for that claim alleges the claimed system is used by "a user operating a smartphone (e.g., an iPhone or Samsung Galaxy) having installed thereon REW's 'SWPRE' app ('the app')." The claimed system element, and the associated allegation from the claim chart, is as follows:

| Asserted Claim | Claim Language of Example System Element | Explanation from Claim Chart (excerpt) |
|---|---|---|
| Claim 17, '795 Patent | "a **wireless device** configured to provide a geographic position of the wireless device to the database" | "On information and belief, **a user operating a smartphone** (e.g., an iPhone or Samsung Galaxy) having installed thereon REW's "SWPRE" app ("the app") **uses a system for location-aware search**.<br>. . .<br>**A smartphone** (e.g., an iPhone or Samsung Galaxy) having installed thereon the app ("a wireless device") **is configured to provide a geographic position of the wireless device** (annotated in purple below). On information and belief, the wireless device provides the geographic position of the wireless device to the database." [Dkt. #1, Ex. O at 1, 3.] |

As these examples show, for seven of the eight Asserted Claims, the Complaint does not allege any facts to show, nor could it, that REW itself performed the method steps recited by the respective Asserted Claims (or that REW itself used the claimed system, in the case of the '795 Patent). Instead, the Complaint alleges, as the claim language dictates it must, that the claimed methods are performed by (or the claimed system is used by, in the case of the '795 Patent) *an end-user using their "smartphone (e.g., an iPhone or Samsung Galaxy)."*

Despite the claim language and the allegations in its own claim charts as explained above, the Complaint nevertheless conclusorily alleges that REW "has been and is directly infringing, either literally or under the doctrine of equivalents, at least" the Asserted Claims identified above "by using the Accused System." *See* Dkt. # 1 at ¶¶ 62, 75, 88, 101, 114, 146, and 164.

Smarter Agent's willful infringement claim is similarly based on factually deficient allegations. The Complaint's only allegation relating to willfulness comes in a conclusory statement that "Defendant has been and is still infringing, willfully infringing, and/or inducing others to infringe the Patents . . . ." Dkt. #1 at ¶¶ 51-52. The Complaint alleges no facts to show that the REW had any pre-suit knowledge of any of the Asserted Patents—instead, it only alleges that REW had actual knowledge of each Asserted Patent *after* the Complaint was filed. *Id.* at ¶¶ 63, 76, 89, 102, 115, 128, 147, and 165. Nor does the Complaint allege any facts to show that REW's alleged conduct was so egregious as to warrant a finding of willfulness.

## III.   ARGUMENT

### A.   Legal Standards Governing this Motion to Dismiss

Plaintiffs are required under the Federal Rules to allege claims that "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must contain "further factual enhancement" sufficient to move the claim from "sheer possibility that a defendant has acted unlawfully" to "facial plausibility"—i.e., "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Without such facts, a complaint cannot satisfy the requirement of "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The plausibility requirement applies to claims for direct, joint, indirect, and willful patent infringement claims. *See Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016) ("[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion . . . .'"); *Lyda v. CBS Corp*., 838 F.3d 1331, 1339 (Fed. Cir. 2016) ("like claims of induced or contributory infringement, allegations of joint infringement require elements beyond those for the more typical act of direct infringement"); *Jao Control & Monitoring Sys., LLC v. Protect America, Inc*., No. 1-14-CV-134-LY, 2015 WL 3513151, *3 (W.D. Tex. Mar. 24, 2015) ("'[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.'") (internal citation omitted); *Diamond Grading Techs., Inc. v. American Gem Society*, No. 2:14-cv-1171-RWS, 2016 WL 2902482, at *2 (E.D. Tex. Mar. 30, 2016) (dismissing willfulness claim for lacking a "plausible allegation of subjective knowledge").

### 1.   *Direct infringement*

"[T]o state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Ruby Sands LLC v. Am. Nat'l Bank of Tex*., No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *2 (E.D. Tex. June 28, 2016) (quoting 35 U.S.C. § 271(a)). "[D]irect infringement requires a single party to perform every step of a claim method."

6

*Aristocrat Techs. Australia Pty. Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1353 (Fed. Cir. 2013); *see also, Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012) ("[D]irect infringement of a method claim requires a showing that every step of the claimed method has been practiced.").

       2.    *Willful infringement*

In order to recover enhanced damages for willful patent infringement, a plaintiff must satisfy the requirements of 35 U.S.C. § 284 as interpreted by the United States Supreme Court in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). In *Halo*, the Supreme Court held that the "sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate." *Id.* at 1932. Thus, under *Halo*, while "courts should continue to take into account the particular circumstances of each case," enhanced damages are limited to "egregious cases of misconduct beyond typical infringement," such as those "typified by willful misconduct." *Id.* at 1933-35.

After *Halo*, the Federal Circuit has confirmed that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). Accordingly, in order to state a claim for willfulness, a complaint must plausibly show pre-suit knowledge of the asserted patents and the alleged infringement. *See, e.g., NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-cv-02352-EJD, 2018 U.S. Dist. LEXIS 159412, at *8 (N.D. Cal. Sep. 18, 2018) ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").

Courts in this District and elsewhere have applied *Halo* in determining whether a willfulness claim is plausibly alleged and have dismissed those that do not show the requisite egregious conduct. *See, e.g., Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315,

at *3-4 (W.D. Tex. Nov. 30, 2018) (dismissing willfulness claim that "does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*"); *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871, 2016 WL 3748772, at *8 (D. Del. Jul. 12, 2016) (dismissing willfulness allegation for failing to state facts showing that the defendants' actions "actually amounted to an egregious case of infringement of the patent"); *CG Tech. Dev., LLC v. Zynga, Inc.*, No. 2:16-CV-859-RCJ-VCF, 2017 WL 662489, at *4 (D. Nev. Feb. 17, 2017) ("Under *Halo*, Plaintiffs have failed to state a claim for willful infringement because they have failed to allege any facts suggesting that Defendant's conduct is 'egregious . . . beyond typical infringement.'") (quoting *Halo*, 136 S. Ct. at 1935 (alteration in original)); *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. Jun. 7, 2017) ("[T]he Complaint] makes no specific factual allegations about Cisco's subjective intent, or any other aspects of Cisco's behavior that would suggest its behavior was 'egregious.'") (internal citation omitted).

**B.** **The Complaint Fails to State a Claim for Direct Infringement of Seven of the Eight Asserted Patents**

"Direct infringement [of a method claim] under § 271(a) occurs where all steps of [the] claimed method are performed by or attributable to a single entity." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351 (Fed. Cir. 2018) (quoting *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)). Direct infringement of a system claim requires that each and every element of the claim is met by the accused system. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

As explained in detail above, for the Asserted Claim of each of the '628 Patent, '550 Patent, '584 Patent, '317 Patent, '371 Patent, and '199 Patent, which are all method claims, Smarter Agent has not alleged and cannot allege any facts to show that REW itself performed any of the method steps required by the respective Asserted Claims. In fact, the Complaint alleges that it is ***end-users***

*using their "smartphones"* that have performed the claimed method steps, not REW. Similarly, for the Asserted Claim of the '795 Patent, which is a system claim, Smarter Agent has not alleged and cannot allege any facts to show that REW itself used the claimed system, and in fact the Complaint alleges that it is *end-users using their "smartphones"* that have used the claimed system, not REW.

Despite these facts, the Complaint nevertheless conclusorily alleges that REW has directly infringed each of the Asserted Claims from those patents "by using the Accused System," without any factual allegations to plausibly show REW performed the claimed methods or used the claimed system. *See* Dkt. #1 at ¶¶ 62, 75, 88, 101, 114, 146, and 164. Such conclusory allegations are insufficient to plead direct infringement under the *Twombly/Iqbal* plausibility standard. *See, e.g., Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 3:15-CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing the Plaintiff's direct infringement claim because "'conclusory allegations, unwarranted factual inferences, or legal conclusions' . . . are insufficient to support a claim for direct infringement"). Accordingly, this Court should dismiss Smarter Agent's direct infringement claims against REW for the '628 Patent, '550 Patent, '584 Patent, '317 Patent, '371 Patent, '199 Patent, and '795 Patent.

## C.    The Complaint Fails to State a Claim for Willful Infringement

In *Halo*, the Supreme Court held that "enhanced damages . . . are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Id.* at 1932. Thus, enhanced damages are limited to "egregious cases of misconduct beyond typical infringement." *Id.* at 1933-35.

Moreover, the Supreme Court also made clear in *Halo* that willfulness is to be "measured against the knowledge of the actor at the time of the challenged conduct." *Id.* at 1933. Thus, pre-suit knowledge of the asserted patents is required for allegations of willful infringement. *See WBIP*, 829 F.3d at 1341 (noting that after *Halo* "[k]nowledge of the patent alleged to be willfully infringed

continues to be a prerequisite to enhanced damages"); *NetFuel*, 2018 U.S. Dist. LEXIS 159412, at *8 ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's ***pre-filing conduct***.") (emphasis added).

Here, Smarter Agent's willful infringement allegations are bare conclusions without support of any facts that would plausibly show willfulness. Such threadbare allegations do not plausibly show either the knowledge or egregiousness required for willfulness under *Halo*.

> 1.  *Smarter Agent fails to allege any facts to plausibly show that REW had pre-suit knowledge of the Asserted Patents and the alleged infringement*

Following *Halo*—and its emphasis on evaluating willfulness at the time contemporaneous with the time of the acts alleged in the complaint—numerous district courts, ***including at least one court in this District***, have required pre-suit knowledge of the asserted patents for allegations of willful infringement. *See, e.g.*, *Inhale, Inc v. Gravitron, LLC*, No. 1-18-CV-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (dismissing willful infringement claims because the "complaint fails to allege facts raising a reasonable inference of pre-suit knowledge of the [asserted patent]"); *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1137 (N.D. Cal. 2018) (dismissing willful infringement claim in which plaintiff failed to plead pre-suit knowledge of the asserted patents and thus had not shown piratical behavior under *Halo*); *Radware, Ltd. v. F5 Networks, Inc*., No. 5:13-CV-02024-RMW, 2016 WL 4427490, at *6 (N.D. Cal. Aug. 22, 2016) ("*Halo* did not disturb this ruling [from *Seagate* that willful infringement requires pre-filing, not post-filing, conduct], as post-filing conduct was not at issue in *Halo*."); *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC, 2017 U.S. Dist. LEXIS 56140, at *7-8 (N.D. Ga. Apr. 6, 2017) (holding that "Plaintiff's willful infringement claim, which is based solely on Defendants' post-filing conduct, fails as a matter of law"); *see also*, *Adidas Am., Inc. v. Skechers USA, Inc*., No. 3:16-cv-1400-SI, 2017 U.S. Dist. LEXIS 89752, at *12-13 (D. Or. Jun. 12, 2017);

*CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 2:16-cv-00801-RCJ-VCF, 2017 U.S. Dist. LEXIS 1511, at *16-17 (D. Nev. Jan. 4, 2017); *Wis. Alumni Research Found. v. Apple, Inc.*, No. 14-cv-062-WMC, 2017 U.S. Dist. LEXIS 86418, at *31 n.6 (W.D. Wis. Jun. 6, 2017); *Dorman Prods. v. PACCAR, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016).

Moreover, this Court recently acknowledged the requirement to plausibly show pre-suit knowledge of the asserted patents in order to state a claim for willful infringement. *See Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-cv-00026, Dkt. #56 at 10 (W.D. Tex. Jun. 13, 2019) (Albright, J.) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a specific allegation of pre-suit knowledge of the asserted patents.").

As explained above, the Complaint does not plead any facts to plausibly show that REW had ***pre-suit*** knowledge of any of the Asserted Patents. Instead, Smarter Agent merely alleges that REW had actual knowledge of the Asserted Patents only ***after*** the Complaint was filed. *See* Dkt. #1 at ¶¶ 63, 76, 89, 102, 115, 128, 147, and 165. Nor does Smarter Agent allege that it ever took steps to notify REW of the Asserted Patents or the alleged infringement. Absent facts to plausibly show pre-suit knowledge of both the Asserted Patents and the alleged infringement, Smarter Agent's willful infringement claim fails as a matter of law and should be dismissed. *See, e.g.*, *Inhale*, 2018 WL 7324886, at *3 (dismissing willful infringement claims because the "complaint fails to allege facts raising a reasonable inference of pre-suit knowledge of the [asserted patent]").

    2.  *Smarter Agent fails to allege any facts to plausibly show that REW engaged in egregious, piratical conduct*

In addition to the pre-suit knowledge requirement, courts, **including at least one in this District**, have also applied *Halo* in dismissing willfulness claims that do not plead facts that would plausibly show the requisite egregious conduct. *See, e.g., Meetrix*, 2018 WL 8261315, at *3-4 (dismissing willfulness claim that "does not allege any facts raising a plausible inference of the

egregious behavior required under *Halo*"); *Finjan,* 2017 WL 2462423, at *5 (dismissing plaintiff's willful infringement claim because, *inter alia*, the complaint failed to make sufficient factual allegations that defendant's behavior was "egregious . . . beyond typical infringement") (internal quotation marks omitted); *Varian Med. Sys.,* 2016 WL 3748772, at *8 (dismissing willfulness allegation for failing to plead facts showing that the defendants' actions "actually amounted to an egregious case of infringement of the patent"); *Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017) ("[A]t a minimum, plaintiffs alleging willful infringement must plead facts sufficient to support an inference 'plausible on its face' that the alleged conduct is of the egregious nature described in [*Halo*].").

With a mere conclusory statement that "Defendant has been and is still . . . willfully infringing" (Dkt. #1 at ¶¶ 51-52), Smarter Agent has also failed to allege any facts to plausibly show that REW engaged in the type of "egregious, piratical" conduct required for willful infringement. *See Halo*, 136 S. Ct. at 1935. For at least this additional reason, Smarter Agent's willful infringement claim against REW should be dismissed in its entirety for failure to state a claim.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendant REW respectfully requests that the Court grant this motion and dismiss Smarter Agent's direct infringement claims for the '628 Patent, '550 Patent, '584 Patent, '317 Patent, '371 Patent, '199 Patent, and '795 Patent and its willful infringement claim for all eight Asserted Patents.

Dated: July 22, 2019

Respectfully submitted,

By: */s/ Gilbert A. Greene*
Gilbert A. Greene
State Bar No. 24045976
DUANE MORRIS LLP
Las Cimas IV
900 S. Capital of Texas Highway, Suite 300
Austin, TX 78746-5435
Tel: (512) 277-2300
Fax: (512) 277-2301
*BGreene@duanemorris.com*

**ATTORNEYS FOR DEFENDANT
REAL ESTATE WEBMASTERS, INC.**

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2019, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Gilbert A. Greene*
Gilbert A. Greene