THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SMARTER AGENT, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>REAL ESTATE WEBMASTERS, INC.,<br><br>    Defendant. | Case No. 6:19-cv-00182-ADA<br><br>JUDGE ALBRIGHT<br><br>**JURY TRIAL DEMANDED** |

**REAL ESTATE WEBMASTERS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

NOW COMES Real Estate Webmasters, Inc.("REW"), by and through its undersigned counsel, and hereby answers Plaintiff Smarter Agent, LLC's ("Plaintiff") Amended Complaint for Patent Infringement ("Complaint") as follows.

## INTRODUCTION

1.      REW denies that it has committed acts of infringement and that Smarter Agent is entitled to any compensation from REW.

2.      Denied that claims of the Asserted Patents reflect patentable "inventions." As to all other allegations in Paragraph 2 of Plaintiff's Amended Complaint, REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly, denies them.

3.      REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Amended Complaint, and accordingly, denies them.

4.      REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Amended Complaint, and accordingly, denies them.

5. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Amended Complaint, and accordingly, denies them.

6. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Amended Complaint, and accordingly, denies them.

## PARTIES

7. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Amended Complaint, and accordingly, denies them.

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. REW admits that the Complaint purports to invoke the patent laws of the United States, 35 U.S.C. § 1, *et seq*

11. REW admits that the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. REW does not contest personal jurisdiction in this particular action and admits that it has conducted business in this District. REW denies that it has committed acts of infringement within the Western District of Texas, or within any other District within the State of Texas.

13. REW does not contest personal jurisdiction in this particular action and admits that it has conducted business in this District. REW denies that it has committed acts of infringement within the Western District of Texas, or within any other District within the State of Texas.

14. REW does not contest that venue may lie in this District for the purpose of this action. REW denies that this District best serves the convenience of the parties and witnesses or the interests of justice in this particular case pursuant to 28 U.S.C. § 1404(a).

## THE PATENTS-IN-SUIT

15. REW admits the '628 Patent is entitled "System and Method for Providing Information Based on Geographic Position" and that it was issued on November 25, 2008. REW denies that the '628 Patent was duly and lawfully issued. REW is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 15, and therefore REW denies these allegations.

16. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Amended Complaint, and accordingly, denies them.

17. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Amended Complaint, and accordingly, denies them.

18. REW denies that the '628 Patent is valid or enforceable. REW admits that a purported copy of the '628 Patent is attached to the Amended Complaint as Exhibit A.

19. REW admits that the '550 Patent is entitled "System and Method for Providing Information Based on Geographic Position" and that it was issued on May 14, 2013. REW denies that the '550 Patent was duly and lawfully issued. REW is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 19, and therefore REW denies these allegations.

20. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Amended Complaint, and accordingly, denies them.

21. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Amended Complaint, and accordingly, denies them.

22. REW denies that the '550 Patent is valid or enforceable. REW admits that a purported copy of the '550 Patent is attached to the Amended Complaint as Exhibit B.

DM2\14700887.1

23. REW admits that the '584 Patent is entitled "System and Method for Providing Information Based on Geographic Position" and that it was issued on November 10, 2015. REW denies that the '584 Patent was duly and lawfully issued. REW is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 23, and therefore REW denies these allegations.

24. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Plaintiff's Amended Complaint, and accordingly, denies them.

25. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of Plaintiff's Amended Complaint, and accordingly, denies them.

26. REW denies that the '584 Patent is valid or enforceable. REW admits that a purported copy of the '584 Patent is attached to the Amended Complaint as Exhibit C.

27. REW admits that the '317 Patent is entitled "System and Method for Providing Information Based on Geographic Position" and that it was issued on September 5, 2017. REW denies that the '317 Patent was duly and lawfully issued. REW is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 27, and therefore REW denies these allegations.

28. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Amended Complaint, and accordingly, denies them.

29. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Amended Complaint, and accordingly, denies them.

30. REW denies that the '317 Patent is valid or enforceable. REW admits that a purported copy of the '317 Patent is attached to the Amended Complaint as Exhibit D.

31.     REW admits that the '371 Patent is entitled "Position-Based Information Access Device and Method of Searching" and that it issued on April 7, 2015. REW denies that the '371 Patent was duly and lawfully issued. REW is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 31, and therefore REW denies these allegations.

32.     REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Amended Complaint, and accordingly, denies them.

33.     REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Amended Complaint, and accordingly, denies them.

34.     REW denies that the '371 Patent is valid or enforceable. REW admits that a purported copy of the '371 Patent is attached to the First Amended Complaint as Exhibit E.

35.     REW admits that the '333 Patent is entitled "Position-Based Information Access Device and Method of Searching and that it issued on September 5, 2017. REW denies that the '333 Patent was duly and lawfully issued. REW is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 35, and therefore REW denies these allegations.

36.     REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's Amended Complaint, and accordingly, denies them.

37.     REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiff's Amended Complaint, and accordingly, denies them.

38.     REW denies that the '333 Patent is valid or enforceable. REW admits that a purported copy of the '333 Patent is attached to the First Amended Complaint as Exhibit F.

39. REW admits that the '795 Patent is entitled "Mobile Location Aware Search Engine and Method of Providing Content for Same and that it was issued on October 6, 2009. REW denies that the '795 Patent was duly and lawfully issued. REW is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 39, and therefore REW denies these allegations.

40. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of Plaintiff's Amended Complaint, and accordingly, denies them.

41. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of Plaintiff's Amended Complaint, and accordingly, denies them.

42. REW denies that the '795 Patent is valid or enforceable. REW admits that a purported copy of the '795 Patent is attached to the First Amended Complaint as Exhibit G.

43. REW admits that the '199 Patent is entitled "Mobile Location Aware Search Engine and Method of Providing Content for Same" and that it was issued on June 25, 2013. REW denies that the '199 Patent was duly and lawfully issued. REW is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 43, and therefore REW denies these allegations.

44. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Amended Complaint, and accordingly, denies them.

45. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiff's Amended Complaint, and accordingly, denies them.

46. REW denies that the '199 Patent is valid or enforceable. REW admits that a purported copy of the '199 Patent is attached to the Amended Complaint as Exhibit H.

DM2\14700887.1

47. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiff's Amended Complaint, and accordingly, denies them.

48. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of Plaintiff's Amended Complaint, and accordingly, denies them.

49. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiff's Amended Complaint, and accordingly, denies them.

50. REW admits that Plaintiff's Amended Complaint collectively refers to the '628, '550, '584, '317, '371, '333, '795, and '199 Patents as the "Patents" or the "Patents-in-Suit."

51. Denied.

52. Denied.

## THE SMARTER AGENT INVENTIONS

To the extent the heading is an allegation, REW denies that Smarter Agent has invented anything.

53. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of Plaintiff's Amended Complaint, and accordingly, denies them.

54. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of Plaintiff's Amended Complaint, and accordingly, denies them.

55. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of Plaintiff's Amended Complaint, and accordingly, denies them.

56. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of Plaintiff's Amended Complaint, and accordingly, denies them.

57. REW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of Plaintiff's Amended Complaint, and accordingly, denies them.

DM2\14700887.1

## THE CLAIMS OF THE PATENTS-IN-SUIT ARE NOT DRAWN TO ABSTRACT IDEAS

To the extent the heading is an allegation, REW denies that the claims of the Patents-in-Suit are not drawn to abstract ideas.

58. REW admits that the '371 Patent, the '584 Patent, and the '333 Patent issued after the Supreme Court's decision in *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014). REW denies the remaining allegations in Paragraph 58 of the Amended Complaint.

59. Denied.

60. REW admits that the specification of the '628 Patent contains the quoted passages. REW denies the remaining allegations in Paragraph 60 of the Amended Complaint.

61. REW admits that the specification of the '628 Patent contains the quoted passages. REW denies the remaining allegations in Paragraph 61 of the Amended Complaint.

62. REW admits that the specification of the '628 Patent contains the quoted passages. REW denies the remaining allegations in Paragraph 62 of the Amended Complaint.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## **THE PATENTS-IN-SUIT CONTAIN INVENTIVE CONCEPTS**

To the extent the heading is an allegation, REW denies that the Patents-in-Suit contain inventive concepts.

71. Denied.

72. REW denies that the alleged "innovation" of the Patents-in-Suit was unknown at the time of the alleged invention. REW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 of Plaintiff's Amended Complaint, and accordingly, denies them.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. REW admits that Paragraph 81 accurately recites Claim 15 of the '317 Patent.

82. Denied.

83. Denied.

84. Denied.

85. To the extent the allegations of Paragraph 85 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 85 of the Amended Complaint.

86. Denied.

87. Denied.

88. Denied.

**COUNT I: [ALLEGED] INFRINGEMENT OF THE '628 PATENT**

89. REW repeats and incorporates by reference its answers to Paragraphs 1–88, as set forth above.

90. REW admits that the '628 Patent includes 21 claims.

91. To the extent the allegations of Paragraph 91 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 91 of the Amended Complaint.

92. To the extent the allegations of Paragraph 92 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 92 of the Amended Complaint.

93. To the extent the allegations of Paragraph 93 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 93 of the Amended Complaint.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. REW admits it obtained knowledge of the '628 Patent after the original Complaint was filed and served.

100. Denied.

**COUNT II: [ALLEGED] INFRINGEMENT OF THE '550 PATENT**

101. REW repeats and incorporates by reference its answers to Paragraphs 1–100, as set forth above.

102. REW admits that the '550 Patent includes 14 claims.

103. To the extent the allegations of Paragraph 103 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 103 of the Amended Complaint.

104. To the extent the allegations of Paragraph 104 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 104 of the Amended Complaint.

105. To the extent the allegations of Paragraph 105 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 105 of the Amended Complaint.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. REW admits it obtained knowledge of the '550 Patent after the original Complaint was filed and served.

112. Denied.

## COUNT III: [ALLEGED] INFRINGEMENT OF THE '584 PATENT

113. REW repeats and incorporates by reference its answers to Paragraphs 1–112, as set forth above.

114. REW admits that the '584 Patent includes 16 claims.

115. To the extent the allegations of Paragraph 115 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 115 of the Amended Complaint.

116. To the extent the allegations of Paragraph 116 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 116 of the Amended Complaint.

117. To the extent the allegations of Paragraph 117 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 117 of the Amended Complaint.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. REW admits it obtained knowledge of the '584 Patent after the original Complaint was filed and served.

124. Denied.

## COUNT IV: [ALLEGED] INFRINGEMENT OF THE '317 PATENT

125. REW repeats and incorporates by reference its answers to Paragraphs 1–124, as set forth above.

126. REW admits that the '317 Patent includes 20 claims.

127. To the extent the allegations of Paragraph 127 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 127 of the Amended Complaint.

128. To the extent the allegations of Paragraph 128 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 128 of the Amended Complaint.

129. To the extent the allegations of Paragraph 129 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 129 of the Amended Complaint.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. REW admits it obtained knowledge of the '317 Patent after the original Complaint was filed and served.

136. Denied.

**COUNT V: [ALLEGED] INFRINGEMENT OF THE '371 PATENT**

137. REW repeats and incorporates by reference its answers to Paragraphs 1–136, as set forth above.

138. REW admits that the '371 Patent includes 6 claims.

139. To the extent the allegations of Paragraph 139 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 139 of the Amended Complaint.

140. To the extent the allegations of Paragraph 140 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 140 of the Amended Complaint.

141. To the extent the allegations of Paragraph 141 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 141 of the Amended Complaint.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. REW admits that it obtained knowledge of the '371 Patent after the original Complaint was filed and served.

148. Denied.

**COUNT VI: [ALLEGED] INFRINGEMENT OF THE '333 PATENT**

149. REW repeats and incorporates by reference its answers to Paragraphs 1–148, as set forth above.

150. REW admits that the '333 Patent includes 12 claims.

151. To the extent the allegations of Paragraph 151 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 151 of the Amended Complaint.

152. To the extent the allegations of Paragraph 152 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 152 of the Amended Complaint.

153. To the extent the allegations of Paragraph 153 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 153 of the Amended Complaint.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. REW admits it obtained knowledge of the '333 Patent after the original Complaint was filed and served.

160. Denied.

**COUNT VII: [ALLEGED] INFRINGEMENT OF THE '795 PATENT**

161. REW repeats and incorporates by reference its answers to Paragraphs 1–160, as set forth above.

162. REW admits that the '795 Patent includes 22 claims.

163. To the extent the allegations of Paragraph 163 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 163 of the Amended Complaint.

164. To the extent the allegations of Paragraph 164 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 164 of the Amended Complaint.

165. To the extent the allegations of Paragraph 165 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 165 of the Amended Complaint.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. REW admits that it obtained knowledge of the '795 Patent after the original Complaint was filed and served.

178. Denied.

**COUNT VIII: [ALLEGED] INFRINGEMENT OF THE '199 PATENT**

179. REW repeats and incorporates by reference its answers to Paragraphs 1–178, as set forth above.

180. REW admits that the '199 Patent includes 22 claims.

181. To the extent the allegations of Paragraph 181 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 181 of the Amended Complaint.

182. To the extent the allegations of Paragraph 182 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 182 of the Amended Complaint.

183. To the extent the allegations of Paragraph 183 of the Amended Complaint purport to characterize the contents of a written document, that document speaks for itself. REW otherwise denies the allegations in Paragraph 183 of the Amended Complaint.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. REW admits it obtained knowledge of the '199 Patent after the original Complaint was filed and served.

195. Denied.

**PRAYER FOR RELIEF**

REW denies that Plaintiff is entitled to any relief against REW. To the extent Plaintiff's Prayer for Relief is deemed to contain any factual allegations, REW denies them.

## DEMAND FOR JURY TRIAL

REW admits that Plaintiff requests a trial by jury. REW similarly requests a trial by jury on all issues so triable.

## DEFENSES

Subject to the responses above, and without conceding that any of the following defenses are not already at issue by virtue of the foregoing denials, REW asserts the following defenses. REW undertakes the burden of proof only as to those defenses deemed affirmative defenses by law. In addition to the defenses described below, REW reserves the right to amend or augment this Answer and these defenses based on further investigation and discovery.

## FIRST DEFENSE

196. REW does not infringe and has not infringed any valid and enforceable claim of the Asserted Patents, either directly, indirectly, contributorily, jointly, willfully, or in any other manner.

## SECOND DEFENSE

197. One or more of the claims of the Asserted Patents is invalid for failure to satisfy one or more of the requisite statutory and/or decisional requirements and/or conditions of patentability under Title 35 of the United States Code, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112, the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity.

## THIRD DEFENSE

198. The relief Plaintiff seeks is barred, in whole or in part, for failure to plead and/or establish satisfaction of the notice requirements under 35 U.S.C. § 287 and the laws related thereto.

## **RESERVATION OF RIGHTS**

REW is presently investigating the facts relating to the procurement of the Asserted Patents and the assertions of infringement against REW, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, REW reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

In addition to the defenses described above, REW reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery and further factual investigation in this case.

Dated:  October 1, 2021

Respectfully submitted,

*/s/ W. Andrew Liddell*
Gilbert A. Greene
  State Bar No. 24045976
W. Andrew Liddell
  State Bar No. 24070145
DUANE MORRIS LLP
Las Cimas IV
900 S. Capital of Texas Highway,
Suite 300
Austin, TX 78746-5435
Tel: (512) 277-2300
Fax: (512) 277-2301
BGreene@duanemorris.com
WALiddell@duanemorris.com

*Attorneys for Defendants Real Estate Webmasters, Inc.*

DM2\14700887.1

## CERTIFICATE OF SERVICE

I certify that on October 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ W. Andrew Liddell*
W. Andrew Liddell
